DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which found appellant guilty on one count of possession of crack cocaine, in violation of R.C. 2925.11(A), and one count of trafficking in crack cocaine, in violation of R.C. 2925.03(A). For the reasons set forth below, this court affirms the judgment of the trial court. *Page 2 
 {¶ 2} Appellant, Delaghno Overton, sets forth the following three assignments of error:
 {¶ 3} "No. 1: The trial court erred in denying Defendant's motion to suppress because the Miranda warnings given to defendant were stale at the time of the interrogation.
 {¶ 4} "No. 2: The trial court's verdict was against the manifest weight of the evidence because the State did not meet its burden of showing that the Defendant had possession of the drugs.
 {¶ 5} "No. 3: The trial court erred in denying the Defendant's Motion to Identify the Confidential Informant."
 {¶ 6} The following undisputed facts are relevant to the issues raised on appeal. On September 25, 2006, appellant was seated around a coffee table with several acquaintances inside his Toledo home. Appellant is the sole owner and sole occupant of the home.
 {¶ 7} On September 25, 2006, the Toledo Police Department executed a search warrant at appellant's home. The validity of the search warrant is not in dispute. In the course of execution of the search warrant, the police recovered crack cocaine, crack pipes, and a razor from the coffee table around which appellant and his acquaintances were seated.
 {¶ 8} While the police were conducting the search of the premises, they also observed various individuals approaching the residence in a manner consistent with a *Page 3 
home being used for drug trafficking. More significantly, during the search of appellant's home the police also recovered 13 sale-ready, individually packaged baggies of crack cocaine totaling in excess of 43 grams concealed behind clothing in one of appellant's closets.
 {¶ 9} Upon securing the scene and the individuals present inside the premises, one of the Toledo police officers involved in execution of the warrant read the Miranda warnings to everyone present, then individually asked each person present, including appellant, if he understood theMiranda rights. All persons, including appellant, affirmed to the officer that they understood their Miranda rights.
 {¶ 10} The same officer who Mirandized everyone present at the premises next took appellant, as owner and occupant of the premises, into the kitchen to interview him. Appellant confirmed to the officer that he was the sole owner and occupant of the home. The officer observed that appellant exhibited no indicia of being under the influence of any alcohol or drugs. When asked about the large quantity of crack cocaine recovered from inside one of his closets, appellant stated, "you can't pin that on me." Subsequent testing of the 13 baggies of suspected drugs recovered from appellant's closet confirmed it to be crack cocaine.
 {¶ 11} On September 26, 2006, appellant was charged with one count of possession of crack cocaine, in violation of R.C. 2925.11(A), and one count of trafficking in crack cocaine, in violation of R.C. 2925.03(A). Counsel for appellant filed a motion to suppress the statements made by appellant and for disclosure of the identity of a *Page 4 
confidential informant who had been utilized to verify the drug sales occurring at the premises. Again, the legitimacy of the search warrant itself is not being disputed. On March 26, 2007, oral arguments were presented to the trial court on appellant's motions. The motions were denied.
 {¶ 12} On June 25, 2007, the case proceeded to a bench trial. Appellant was found guilty on both counts and sentenced to six year terms of incarceration for each count, to be served consecutively. Timely notice of appeal was filed.
 {¶ 13} In the first assignment of error, appellant alleges that the trial court erred in its denial of his motion to suppress. In support, appellant asserts that his initial Miranda warning should be construed as stale because when he was shortly thereafter taken into the kitchen for individual questioning he was not Mirandized a second time.
 {¶ 14} Appellate review of the propriety of a motion to suppress determination requires an assessment of whether the trial court's decision was supported by competent, credible evidence. State v.Richardson, 3d Dist. No. 13-06-21, 2007-Ohio-115. Absent evidence that a defendant's will and capacity for self-determination was critically impaired because of coercive police conduct, the decision to waive rights is considered voluntarily made. State v. Daily (1990),53 Ohio St.3d 88.
 {¶ 15} In applying these standards to the record of evidence from below, we note that the record shows that the duration of time between the Miranda warning to appellant and the questioning of appellant was minimal. The record shows investigation consistency in that the same officer who furnished the Miranda warnings to appellant *Page 5 
was also the one who questioned him. The record shows that the officer observed appellant to be coherent and not under the influence of any drugs or alcohol which could have compromised his ability to comprehend the events. The record shows that appellant individually confirmed to the officer that he understood his Miranda rights prior to giving the officer a statement several minutes later.
 {¶ 16} The record contains no evidence that appellant was subjected to any coercive conduct, that appellant was impaired, or that appellant's waiver of his Miranda rights was not made knowingly and voluntarily. We find appellant's first assignment of error not well-taken.
 {¶ 17} In the second assignment of error, appellant contends that the verdict was against the manifest weight of the evidence. In support, appellant asserts that appellee did not meet its burden in demonstrating that appellant possessed the illicit drugs.
 {¶ 18} When examining whether a conviction was contrary to the manifest weight of the evidence, the appellate court serves as a "thirteenth juror" to conclude whether the trial court lost its way so significantly as to result in a manifest miscarriage of justice, necessitating that the conviction be overturned. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387. In reaching this decision, we grant substantial deference to the trial court's determination given its unique opportunity to closely observe and evaluate the demeanor and credibility of the witnesses and evidence presented. State v.Edwards, 6th Dist. No. L-06-1345, 2008-Ohio-4029. See, also, State v.Mickles, 6th Dist. No. L-05-1206, 2006-Ohio-3803. *Page 6 
 {¶ 19} We must apply the above standard to appellant's contention that appellee failed to establish that he possessed the bagged crack cocaine recovered from within his closet.
 {¶ 20} Our review of the record from below shows that it establishes that appellant was the sole owner and occupant of the premises from which the crack cocaine was recovered. The record shows that the crack cocaine was concealed behind men's clothing inside one of appellant's closets located within his home. The record shows that the quantity and packaging of the crack cocaine concealed inside appellant's closet was indicative of trafficking. The record is devoid of any evidence whatsoever that the 13 baggies of crack cocaine recovered from inside appellant's closet were or could reasonably be construed to have been under the dominion or control of anyone other than appellant. Given this record of evidence, we find appellant's second assignment of error not well-taken.
 {¶ 21} In appellant's third assignment of error, he asserts that the trial court erred in denying his motion to reveal the identity of a confidential informant. In support, appellant argues that the identity of the confidential informant should have been construed as vitally important so as to justify the granting of the motion because appellant conjectures, without evidentiary support, that the unknown informant, "could have established that someone other than the defendant was selling crack cocaine."
 {¶ 22} A trial court's determination whether to disclose the identity of a confidential informant will not be reversed on appeal absent a finding of an abuse of *Page 7 
discretion. State v. Brown (1992), 64 Ohio St.3d 649. To find an abuse of discretion, we must find that the record establishes that the trial court's actions were unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 23} In conjunction with this analysis, it is well-established that more than mere speculation regarding the potential utility of an informant's testimony is required to find it "vital" so as to warrant the informant's identity being divulged. State v. Butler (1984),9 Ohio St.3d 156. That is precisely the scenario presented in this case. Appellant's third assignment is purely speculative and, therefore, cannot be found persuasive pursuant to Butler. We find appellant's third assignment of error not well-taken.
 {¶ 24} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 8 
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1