[Cite as *State v. Collins*, 2011-Ohio-4808.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95422

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TONY D. COLLINS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED IN PART; REVERSED IN PART**
**AND REMANDED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-529965 and CR-533453

**BEFORE:** Jones, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 22, 2011

ATTORNEY FOR APPELLANT

John T. Castele
1310 Rockefeller Building
614 West Superior Avenue
Cleveland, Ohio 44113

ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY: Marc D. Bullard
        Erica Barnhill
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ON RECONSIDERATION[1]

LARRY A. JONES, J.:

{¶ 1} Defendant-appellant, Tony D. Collins, appeals his drug possession, drug

---

[1]The original announcement of decision, *State v. Collins*, Cuyahoga App. No. 95422, 2011-Ohio-2660, released June 2, 2011, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. See App.R. 22(C); see, also, S.Ct.Prac.R. 2.2(A).

trafficking, and possession of criminal tools convictions. We affirm in part and reverse and remand in part.

I

{¶ 2} Collins was indicted in Case No. CR-529965 as follows: Count 1, drug possession with forfeiture of a cell phone; Count 2, drug trafficking with forfeiture of a cell phone; and Count 3, possession of criminal tools with forfeiture of a cell phone. Collins was also indicted in Case No. CR-533453 as follows: Count 1, drug possession; and Count 2, drug trafficking with a schoolyard specification. The cases were consolidated and heard before the court.

{¶ 3} At the conclusion of the state's case, Collins made a Crim.R. 29 motion for acquittal, which was denied. The defense rested without presenting any evidence and renewed its Crim.R. 29 motion; the motion was again denied. The court found Collins guilty of all the charges. The court merged the drug trafficking and drug possession convictions and the state elected to proceed on the two trafficking charges.

{¶ 4} Collins was sentenced to a six-year prison term. In Case No. CR-529965, Collins was sentenced to two years for drug trafficking, to be served concurrently with six months for possession of criminal tools. Collins was ordered to forfeit the cell phone. In Case No. CR-533453, Collins was sentenced to a four-year term, to be served consecutively to the sentence in Case No. CR-529965.

{¶ 5} Collins now raises the following three assignments of error:

{¶ 6} "[I.] The state produced insufficient evidence to support the defendant's convictions.

{¶ 7} "[II.] The defendant's convictions were against the manifest weight of the evidence.

{¶ 8} "[III.] The defendant was denied the effective assistance of counsel."

II

A. The First Package

{¶ 9} Detective Neil Hutchinson, a Cleveland police officer with the Narcotics Unit, testified that on October 9, 2009, he observed a suspicious package at a Federal Express sorting facility in Cleveland. After a trained dog alerted that the package contained illicit drugs, a search warrant was obtained and the package was opened. Approximately 6,573 grams of marijuana in a round plastic container were discovered.

{¶ 10} Detective Hutchinson obtained an anticipatory warrant for the address where the package was destined and arranged a controlled delivery to the address. Posing as a Federal Express employee, Hutchinson delivered the package to its destination, where it was signed for and accepted by Collins's brother, James Collins.

{¶ 11} Detective Thomas Klamert, also a member of the Cleveland Police Narcotics Unit, was working surveillance when the package was delivered. Klamert testified that after Hutchinson had delivered the package and driven away, James made a call on his cell phone.

A short time later, Collins arrived, retrieved the package from James, and then walked a few houses down the street. While on the porch of a vacant home, Collins was "monkeying with the box." It was later determined that Collins had removed the shipping label from the box and thrown it on the front lawn. Collins and his brother were arrested.

B. The Second Package

{¶ 12} On January 14, 2010, an inspector for the United States Postal Service was alerted to a suspicious package in a Cleveland mail sorting facility. The inspector conducted an investigation and obtained a federal warrant to open the package. A cellophane-wrapped bundle of 4,567 grams of marijuana was discovered. The inspector and Cleveland police arranged for a controlled delivery of the package to its destination.

{¶ 13} The delivery was first attempted on January 20, 2010. Trent Collins answered the door at the address, but told the inspector that the recipient did not live at the address. The inspector left retrieval information for the intended recipient with Trent. Several calls were subsequently made to the United States Postal Service concerning the package, and an attempt to retrieve it was made.

{¶ 14} A second delivery was arranged for January 27, 2010. Collins answered the door, told the inspector that the intended recipient resided at the address, and signed for the package using the name "John Jones." The inspector gave Collins the package and left.

{¶ 15} Detective Joseph Bovenzi had been conducting surveillance of the delivery.

Bovenzi testified that after Collins accepted the package, he went inside the house, but came back out approximately 30 seconds later and placed the package on the porch a few feet from the doorway. The police then arrested Collins and seized the package. Collins was heard saying that the police did not have anything on him and he did not even sign his real name.

III.

{¶ 16} In his first assignment of error, Collins contends that his convictions were not supported by sufficient evidence.

{¶ 17} Under Crim.R. 29(A), a court "shall order the entry of a judgment of acquittal of one or more offenses * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. *State v. Thompkins*, 78 Ohio St.3d 380, 390, 1997-Ohio-52, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

A. Drug Trafficking

{¶ 18} Collins first challenges his drug trafficking convictions, contending that "[t]here was no evidence that he prepared anything for distribution, only that he accepted packages that were found to contain marijuana."

{¶ 19} Drug trafficking under R.C. 2925.03(A)(2) provides that:

"[n]o person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."

{¶ 20} Thus, to convict Collins for drug trafficking the state needed to prove that he knowingly did one of the following: (1) prepared the marijuana for shipment; (2) shipped, transported, or delivered the marijuana; (3) prepared the marijuana for distribution; or (4) distributed the marijuana. *State v. Hatcher* (July 31, 1997), Cuyahoga App. No. 70857. There was no evidence that Collins did any of the above.

{¶ 21} We are not persuaded by the state's contention that Collins "prepared the marijuana for distribution by accepting delivery of the packages." In its brief, the state cites four cases in support of its position: *State v. Patterson* (1982), 69 Ohio St.2d 445, 432 N.E.2d 802; *State v. Ballard* (May 31, 1990), Cuyahoga App. No. 56676; *State v. Saddler* (Oct. 21, 1999), Cuyahoga App. No. 74218; and *State v. Anderson* (Nov. 27, 1996), Cuyahoga App. No. 69620.

{¶ 22} *Saddler* involved a drug possession, not trafficking, conviction. In *Ballard*, the defendant made a sale of drugs, and in *Patterson*, the defendant made an offer to sell; both

cases are unlike the instant case. (See R.C. 2925.03(A)(1), drug trafficking, providing that "[n]o person shall knowingly * * * [s]ell or offer to sell a controlled substance.").

{¶ 23} *Anderson* is the only case cited by the state that supports its position, and we disagree with its holding that, because the defendant possessed a "significant" amount of cocaine, "[a] reasonable conclusion * * * is that [he] intended not to personally consume the cocaine, but knowingly prepared it for shipment or distribution."

{¶ 24} The "preparation for shipment" portion of the drug trafficking statute requires some evidence that the offender actually prepares a drug for shipment, or ships a drug, or transports a drug, or delivers a drug, or prepares for distribution a drug, or actually distributes a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person.

{¶ 25} Normally, convictions are based on specific facts that support or establish the elements of a crime charged. While it is certainly acceptable to infer certain facts or circumstances from the evidence at hand, inferences that establish criminal elements based on other inferences not established in fact thwart how criminal liability should be established in our system of justice.

{¶ 26} An analogous scenario to this situation would be where a person is angry at a neighbor, then makes a verbal threat to that neighbor, and stalks the neighbor outside his home. Given these facts, we might rationally assume the person may attack the neighbor.

But that possibility or probability does not satisfy the elements involved for an assault or felonious assault conviction. That person might be charged and found guilty of a variety of other offenses, but unless the authorities can establish by some direct evidence that the person knowingly caused or attempted to cause physical harm, or serious physical harm, or physical harm by means of a deadly weapon, it is unlikely the person can ever be convicted of assault or felonious assault. See R.C. 2903.11 and 2903.13.

{¶ 27} Here, there was overwhelming evidence that Collins possessed a quantity of marijuana that subjected him to an enhanced penalty based on that quantity. Further, while we can rationally assume that Collins did not receive this quantity of marijuana simply to sit in his living room and smoke it all by himself, the act of "receiving" is not one of the enumerated elements under R.C. 2925.03(A)(2). Establishing that the person committed a crime is not possible solely using inferences from assumptions about conduct without factual evidence supporting the actual elements of the crime charged.

{¶ 28} Had the legislature included the phrases "possession of an amount indicating sale or resale" or "receiving an amount indicating sale or resale," the task of meeting the elements of R.C. 2925.03(A)(2) would be simple.

{¶ 29} The statute as written, however, indicates prospective conduct that is particularized and not based on common assumptions. A plain reading indicates that it requires an offender to take some action in furtherance of the goal of accomplishing

trafficking by doing one or more of the proscribed acts under the statute. Receipt of drugs alone is not one of the enumerated methods of violating the "preparation for shipment" statute.

{¶ 30} Unless police can lay out the conspiracy to distribute drugs, including details on the origin of the shipment, method of shipment, and parties involved in the shipment (real or otherwise), in a manner designed to prove the act of receipt is part of an overall drug conspiracy, the elements that an offender prepares a drug for shipment, or ships a drug, or transports a drug, or delivers a drug, or prepares for distribution a drug, or actually distributes a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person, are not met by evidence of receipt alone.

{¶ 31} In light of the above, we sustain Collins's first assignment of error as it relates to the drug trafficking convictions.

B. Drug Possession

{¶ 32} Collins was convicted of drug possession under R.C. 2925.11(A), which provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance."

{¶ 33} Collins received two packages containing marijuana. He contends, however, that the evidence was insufficient to establish that he knew what was in the packages. We disagree.

{¶ 34} A person acts "knowingly" when "he is aware that his conduct will probably

cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). Knowledge is generally not susceptible to direct proof, but must be determined through inferences drawn from the surrounding facts and circumstances. *State v. Green* (Apr. 20, 1988), Hamilton App. No. C-860791.

{¶ 35} "'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Possession may be actual or constructive. *State v. Haynes* (1971), 25 Ohio St.2d 264, 269-270, 267 N.E.2d 787. Although circumstantial evidence is sufficient to support the element of constructive possession, constructive possession cannot be inferred by a person's mere presence in the vicinity of contraband. See *Jenks*; *State v. Giles* (May 12, 1994), Cuyahoga App. No. 63709. Constructive possession requires some evidence that the person exercised or has the power to exercise dominion or control over the object, even though that object may not be within his immediate physical possession. *State v. Wolery* (1976), 46 Ohio St.2d 316, 332, 348 N.E.2d 351.

{¶ 36} Detective Hutchinson testified that the first package was sent using a false name, address, and phone number for the sender, and the phone number was the same for the sender and recipient. The named recipient did not reside at the destination address, and the

package was heavily taped and sent overnight at a cost of $101. Hutchinson testified that this was often indicative of a package that contained drugs.

{¶ 37} Collins arrived on the scene a short time after his brother received the package and took the package from the brother. Collins then "monkeyed" with the box, removed the shipping label, and threw the label on the front lawn of an abandoned house.

{¶ 38} The above mentioned evidence was sufficient to establish that Collins possessed the package knowing its contents.

{¶ 39} In regard to the second package, the inspector testified that the name, phone number, and address of the sender listed on the second package were fictitious. He also spoke to the postal carrier who serviced the block of the listed address of the sender and was informed that no one by the listed name lived on that block, and the inspector confirmed with various databases that the address did not exist. Further, Collins signed for the second package using a false name and claimed that the named recipient resided at the address, despite the inspector having been informed during the previous attempted delivery that no one by that name lived there.

{¶ 40} "'It is today universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself.'" *United States v. Griffin* (C.A.6, 1999), 172 F.3d 874, quoting *United States v. Serio* (C.A.6,

1971), 440 F.2d 827, 832.

{¶ 41} The evidence presented by the state was also sufficient to support a finding that Collins possessed the second package knowing its contents.

{¶ 42} In light of the above, the first assignment of error is overruled as it relates to the drug possession convictions.

C.    Schoolyard Specification

{¶ 43} Collins was indicted in Case No. CR-533453 of drug trafficking with a schoolyard specification.    Because we find that the trafficking convictions were not supported by sufficient evidence, we necessarily also find that the schoolyard specification was not supported by sufficient evidence.    Accordingly, the first assignment of error is sustained as it relates to the schoolyard specification under Count 2 of Case No. CR-533453.

D.    Possession of Criminal Tools

{¶ 44} R.C. 2923.24, governing possession of criminal tools, provides that "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."

{¶ 45} The state contends that Collins used his cell phone in obtaining the first package from his brother James.    Detective Klamert testified that a short time after receiving the package, James made a call on his cell phone, and a short time after that, Collins arrived. Klamert testified that he observed both men talking on their cell phones.    However, the state

did not investigate the cell phone records to determine if appellant was talking to James prior to receiving the package from him. Moreover, the state did not examine the phones to determine what phone number was last dialed or from what number the last incoming call was received.

{¶ 46} Thus, the testimony regarding the possession of criminal tools charge consisted solely on the police's observations of both men talking on cell phones prior to James giving the package to Collins. On this record, the state did not present sufficient evidence with which the court could make a reasonable inference that Collins used his cell phone with a criminal purpose.

{¶ 47} Recently, in *State v. Brooks*, Cuyahoga App. No. 94978, 2011-Ohio-1679, ¶23, this court reaffirmed the holding in *State v. Byers*, Cuyahoga App. No. 94922, 2011-Ohio-342, ¶9, that "[t]he ubiquitousness of cell phones is such that the mere possession of a cell phone is not ipso facto proof that it was used in drug trafficking." In *Brooks*, this court reversed a conviction of possession of criminal tools where insufficient evidence existed in the record to demonstrate that the defendant actually used the cell phone in furtherance of drug trafficking. Id.

{¶ 48} Here, all we have is an inference based on an inference. First, that James called Collins, and, secondly, that the call aided Collins in the possession of marijuana. These multiple inferences we are left with are inconsistent with the state's burden of proof.

Accordingly, the first assignment of error is sustained as it relates to the possession of criminal tools conviction, Count 3 of Case No. CR-529965, and the forfeiture specifications attendant to all three counts in that case.

IV.

{¶ 49} In his second assignment of error, Collins contends that his convictions were against the manifest weight of the evidence.

{¶ 50} In reviewing a claim challenging the manifest weight of the evidence, "[t]he question to be answered is whether there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." (Internal quotes and citations omitted.) *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶81.

{¶ 51} Because we find that the evidence was insufficient as to the drug trafficking and possession of criminal tools convictions, we only consider Collins's challenge as it relates to the drug possession conviction.

{¶ 52} After examining the entire record, weighing the evidence and all reasonable inferences, we are unable to conclude that the court clearly lost its way and created such a

manifest miscarriage of justice in convicting Collins of drug possession. For the reasons discussed under the sufficiency of the evidence analysis, the record demonstrates that Collins possessed both packages with knowledge of their contents. Accordingly, the weight of the evidence supported Collins's drug possession conviction, and the second assignment of error is overruled.

V.

{¶ 53} For his third assigned error, Collins contends that he was denied effective assistance of counsel. Specifically, Collins argues that his trial counsel was constitutionally deficient for stipulating to the accuracy of the laboratory report stating the amount and type of drugs involved, and failing to object to testimony of the detectives regarding the report, in violation of his right to confront witnesses against him as stated in *Crawford v. Washington* (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177, and *Melendez–Diaz v. Massachusetts* (2009), 557 U.S. _____, 129 S.Ct. 2527, 174 L.Ed.2d 314.

{¶ 54} In order to substantiate a claim of ineffective assistance of counsel, Collins is required to demonstrate that: (1) the performance of defense counsel was seriously flawed and deficient; and (2) the result of his trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, paragraph two of the syllabus; *State v. Brooks* (1986), 25 Ohio St.3d 144, 147, 495 N.E.2d 407.

{¶ 55} In *Melendez–Diaz*, the United States Supreme Court ruled that the presentation of a lab report without the testimony of the technician conducting the analysis violated a defendant's Sixth Amendment right to confrontation because the report was testimonial under *Crawford*.

{¶ 56} Here, Collins has failed to demonstrate a reasonable probability that the outcome of his trial would have been different. The contents of both packages field tested positive for marijuana. Further, the inspector weighed the contents of the second package in the field and determined its weight, including cellophane wrapping, to be 12 pounds and 7.55 ounces. This was consistent with a weight of 4,567 grams[2] as stated in the report.

{¶ 57} The Ohio Supreme Court has held that Ohio's "notice and demand" statutes[3] adequately protect this right to confrontation and that the right can be waived. *State v. Pasqualone*, 121 Ohio St.3d 186, 2009-Ohio-315, 903 N.E.2d 270, paragraph one of the syllabus. The waiver of such a right can be a tactic of trial. *State v. Jackson*, Ashtabula App. No. 2007-A-0079, 2010-Ohio-820, ¶30-32. Therefore, because there is no evidence that this matter of trial strategy would have changed the outcome of Collins's trial, the third

[2]Approximately ten pounds.

[3]R.C. 2925.51(C) is applicable in this case and states, "[t]he report shall not be prima-facie evidence of the contents, identity, and weight or the existence and number of unit dosages of the substance if the accused or the accused's attorney demands the testimony of the person signing the report, by serving the demand upon the prosecuting attorney within seven days from the accused or the accused's attorney's receipt of the report."

assignment of error is overruled.

## VI.

{¶ 58} In conclusion, the trial court's judgment is affirmed in part and reversed and remanded in part. The drug trafficking, attendant schoolyard specification, and possession of criminal tools convictions are reversed and upon remand of the case shall be vacated. The cell phone forfeiture order is also reversed and on remand shall be vacated. The drug possession conviction is affirmed.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES,   JUDGE

SEAN C. GALLAGHER, J., CONCURS WITH

SEPARATE OPINION;

FRANK D. CELEBREZZE, JR., P.J., CONCURS
IN PART AND DISSENTS IN PART WITH
SEPARATE OPINION

SEAN C. GALLAGHER, J., CONCURRING:

While I concur with the judgment and analysis of the majority on reconsideration, I nevertheless write separately to address the failure of our court to en banc this issue. I believe this decision is arguably in conflict with, or at a minimum requires clarification from an earlier decision of our court in *State v. Connor*, Cuyahoga App. No. 84073, 2005-Ohio-1971.

Pursuant to App.R. 26, Loc.App.R. 26, and *McFadden v. Cleveland State Univ.,* 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, we are obligated to resolve conflicts between two or more decisions of this court on any issue that is dispositive of the case in which the application is filed.

In *Connor*, the defendant was convicted of both drug possession and preparation for shipment after being apprehended with over 50 pounds of marijuana in his luggage at a local airport. The court noted:

"With respect to the charge of possession of drugs for sale, an inference may be drawn from the circumstances surrounding the defendant at the time of his arrest and the quantity and character of the narcotics seized at the time. In the instant case, approximately fifty pounds

of marijuana was discovered in the two bags.  A prudent person could conclude that those narcotics were in his possession for the purpose of sale and not for personal consumption. Therefore, the jury's finding Conner guilty of possession of drugs and possession of drugs for sale was proper."

I do not believe the elements of "preparation for shipment" under R.C. 2925.03(A)(2) allow for an inference that the weight or volume of drugs may satisfy one of the enumerated elements of that statute.  Nevertheless, I draw a distinction between the facts in *Connor* and the present case by noting that in *Connor* the offender was actively shipping or transporting the drugs, whereas here, Collins was accepting or receiving the drugs.  The elements of R.C. 2925.03(A)(2) do not encompass receiving, signing for, or accepting.

I believe this case should have been the subject of an en banc review by our court, and I do not believe the weight or volume of drugs alone can serve to circumvent proving the enumerated elements of drug trafficking under R.C. 2925.03(A)(2).

FRANK D. CELEBREZZE, JR., J., CONCURRING IN PART AND DISSENTING IN PART:

I concur with the majority's opinion regarding appellant's convictions for possession of criminal tools, drug possession and, for different reasons, the school yard specification. However, I respectfully dissent with the majority's resolution of appellant's drug trafficking convictions.

To establish that appellant was guilty of drug trafficking, two police officers testified that, based on their extensive training and experience, the quantity of marijuana involved was indicative of trafficking. "We have held in several cases that police officers may testify to the nature and amount of drugs and its significance in drug trafficking." *State v. Young*, Cuyahoga App. No. 92744, 2010-Ohio-3402, ¶19, citing *State v. Fellows* (May 22, 1997), Cuyahoga App. No. 70900, citing *State v. Crenshaw* (June 4, 1992), Cuyahoga App. No. 60671; *State v. Wilson* (Oct. 3, 1996), Cuyahoga App. No. 69751.

The testimony of Det. Hutchinson and United States Postal Service Inspector Martin Cernelich provides a strong indication that appellant served as the last leg in the transportation of marijuana from California to Cleveland for distribution and sale. This is sufficient evidence that appellant violated R.C. 2925.03(A)(2).

This court has held that, "[w]ith respect to the charge of possession of drugs for sale [R.C. 2925.03], an inference may be drawn from the circumstances surrounding the defendant at the time of his arrest and the quantity and character of the narcotics seized at the time." *State v. Conner*, Cuyahoga App. No. 84073, 2005-Ohio-1971, ¶57, citing *State v. Jones* (Dec. 26, 1973), Franklin App. No. 73AP-338. This court went on to hold that "approximately fifty pounds of marijuana was discovered in the two bags. A prudent person could conclude that those narcotics were in his possession for the purpose of sale and not for personal consumption." Id. See, also, *State v. Overton*, Lucas App. No. L-07-1311,

2008-Ohio-4618, ¶18 (overruling a challenge to a drug trafficking conviction on manifest weight grounds where "[t]he record shows that the quantity and packaging of the crack cocaine concealed inside appellant's closet was indicative of trafficking[ ]" without other evidence of sale, transport, or preparation). The *Conner* case is indistinguishable from the instant case.

Because the binding precedent of this court establishes that a perfectly reasonable inference may be drawn that the quantity of drugs involved was indicative of drug trafficking, I would affirm appellant's convictions for drug trafficking.

I also agree with the majority that the school yard specification should not stand, but only because the testimony adduced at trial was not sufficient to demonstrate its applicability.