[Cite as *State v. Kirk*, 2012-Ohio-2056.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96695**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## O'SULLIVAN KIRK

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED IN PART AND REVERSED AND REMANDED IN PART**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-537905

**BEFORE:** Sweeney, P.J., Jones, J., and Keough, J.
**RELEASED AND JOURNALIZED:** May 10, 2012

**ATTORNEY   FOR APPELLANT**

John T. Castele, Esq.
615 West Superior Avenue
Suite 1310
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Marcus A. Henry, Esq.
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, P.J.:

{¶1}   Defendant-appellant O'Sullivan Kirk ("defendant") appeals his convictions for drug trafficking, drug possession, and possession of criminal tools.   After reviewing the facts of the case and pertinent law, we affirm in part and vacate in part.

{¶2}   On May 20, 2010, East Cleveland police officer Jonathan O'Leary stopped a Dodge Caravan for turning right without a signal.   Barrington West was driving the van, and defendant was sitting in the passenger seat.   When Officer O'Leary approached the vehicle, he smelled the odor of unburned marijuana.   Officer O'Leary searched the van and found a bag on the floor between the two front seats.   The bag was from American Eagle clothing store, and defendant admitted that it belonged to him.   Inside this bag was a large Ziploc-style bag "stuffed full" of marijuana.

{¶3}   On June 9, 2010, defendant was charged with drug trafficking in violation of R.C. 2925.03(A)(2), a fourth degree felony; drug possession in violation of R.C. 2925.11(A), a fourth degree felony; and possession of criminal tools in violation of 2923.24(A), a fifth degree felony.   The case was tried to the bench, and on March 30, 2011, defendant was found guilty as indicted and sentenced to community control sanctions.

{¶4}   Defendant appeals and raises two assignments of error for our review.

{¶5} I. "The state produced insufficient evidence to support the defendant's convictions."

{¶6} Specifically, defendant argues that evidence of a large quantity of drugs, standing alone, is insufficient to prove drug trafficking. Defendant also argues that there was insufficient evidence to show that he had knowledge of the bag's contents in relation to the drug possession and possession of criminal tools convictions.

{¶7} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541.

{¶8} Defendant was convicted of drug trafficking in violation of R.C. 2925.03(A)(2), which states that "[n]o person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."

{¶9} Defendant argues that "the mere possession of a large quantity of drugs, in and of itself, is insufficient to establish" trafficking, and cites to *State v. Collins*, 8th Dist. No. 95422, 2011-Ohio-4808, for support. In *Collins*, this court reversed a drug

trafficking conviction based on insufficient evidence. The defendant in *Collins* received two packages containing large amounts of drugs — one via Federal Express and one via the United States Postal Service. This court held that "[r]eceipt of drugs alone is not one of the enumerated methods of violating the 'preparation for shipment' statute" R.C. 2925.03(A)(2). *Collins* at ¶ 29.

**{¶10}** In the instant case, defendant's drug trafficking conviction is not based on "preparation for shipment." Rather, there is evidence in the record that the drugs were in a moving vehicle, arguably qualifying as transport. However, our analysis under R.C. 2925.03(A)(2) does not end here. To convict a defendant of drug trafficking, the state must prove that the defendant "knows or has reasonable cause to believe that the controlled substance is intended for sale * * *." The reasoning in *Collins* applies to the case at hand insomuch as the quantity of drugs alone is insufficient to create an inference that defendant knew or should have known that the marijuana was intended for sale.

**{¶11}** As the *Collins* court noted,

> [w]hile it is certainly acceptable to infer certain facts or circumstances from the evidence at hand, inferences that establish criminal elements based on other inferences not established in fact thwart how criminal liability should be established in our system of justice.

*Id.* at ¶ 25.

**{¶12}** Upon review, we find insufficient evidence to convince a fact-finder that defendant knew he was transporting marijuana intended for sale. Defendant's first assignment of error is sustained as it relates to his conviction for drug trafficking.

**{¶13}** Defendant was also convicted of drug possession in violation of R.C. 2925.11(A), which states that "[n]o person shall knowingly obtain, possess, or use a controlled substance" and possessing criminal tools in violation of R.C. 2923.24(A), which states that "[n]o person shall possess * * * any substance, device, instrument, or article, with purpose to use it criminally." Pursuant to R.C. 2901.22(B),

> A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

**{¶14}** Although defendant concedes to possessing the bag, he argues that the state failed to produce sufficient evidence that he knew the bag contained marijuana. Defendant essentially argues that the state was required to present evidence other than actual possession to show that defendant knew what he possessed. However, under R.C. 2901.22(B), knowledge can be proven when a person "is aware that such circumstances probably exist." In the instant case, we find the evidence sufficient to show that defendant knew what was in the shopping bag that he admitted to possessing.

**{¶15}** As to the charge of possessing criminal tools, the indictment alleged that defendant and West "did possess or have under the person's control * * * U.S. currency and/or a 2001 Dodge Caravan motor vehicle with purpose to use it criminally." Defendant alleges that the court found "that the bag containing the marijuana was used as a criminal tool." However, our review of the transcript, coupled with the indictment, does not support this allegation. We find sufficient evidence to show that defendant, who was a passenger in the van, possessed $360 cash with the intent to use it criminally.

**{¶16}** Accordingly, defendant's first assignment of error is sustained as it relates to drug trafficking and overruled as it relates to drug possession and possession of criminal tools. Defendant's drug trafficking conviction is vacated. This matter is remanded to the trial court with instructions to vacate this conviction. Defendant's remaining convictions are affirmed.

**{¶17}** In defendant's second assignment of error, he argues as follows:

**{¶18}** II. "The defendant's convictions were against the manifest weight of the evidence."

**{¶19}** Specifically, defendant argues that his drug trafficking conviction is against the manifest weight of the evidence. This assignment of error is moot given our disposition of defendant's first assignment of error. *See* App.R. 12(A)(1)(c).

**{¶20}** Judgment affirmed in part and reversed and remanded in part.

It is ordered that appellee and appellant split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR